Bolden v. County of Sullivan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand thirteen.

PRESENT:

RICHARD C. WESLEY,
SUSAN L. CARNEY,
J. CLIFFORD WALLACE,[*]
        *Circuit Judges.*

_____

Carolyn Brown Bolden, Artie C. Bolden,

                *Plaintiffs-Appellants,*

        v.                                          11-4337

County of Sullivan, *et al.,*



                *Defendants-Appellees.*

_____

_____

[*]Judge J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

**FOR PLAINTIFFS-APPELLANTS:** Carolyn Brown Bolden, Artie C. Bolden, *pro se*, Albany, NY.

**FOR DEFENDANTS-APPELLEES:** Samuel S. Yasgur, Sullivan County Attorney's Office, Monticello, NY; Michael Davidoff, Drew, Davidoff & Edwards Law Offices, LLP, Monticello, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

Appellants Carolyn Brown Bolden and Artie C. Bolden, *pro se*, appeal from the district court's summary judgment in favor of the defendants, dismissing their complaint alleging claims of deliberate indifference to Brown Bolden's life and safety in violation of the Fourteenth Amendment and 42 U.S.C. § 1983, negligence, medical malpractice, false imprisonment, the County's tolerance and deliberate indifference towards a pattern and practice of permitting illegal detentions, and Artie C. Bolden's loss of his wife's consortium. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. The Boldens have abandoned their

2

negligence, medical malpractice, and loss of consortium claims by not raising them on appeal, and their false imprisonment claim by not raising arguments concerning it. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

The district court properly granted summary judgment in favor of Nurse Joanne Ozolins and dismissed the complaint as to all defendants, including the County of Sullivan ("County") and the Sullivan County Jail ("County Jail").[1] To substantiate an Eighth Amendment claim for medical indifference, a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994). The deliberate indifference standard is comprised of an objective and subjective component. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Id.* (internal quotation marks omitted). "Subjectively, the charged

---

[1] We review *de novo* a district court's summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

3

official must act with a sufficiently culpable state of mind," i.e., "something more than mere negligence," and akin to criminal recklessness. *Id.* Moreover, not every claim of inadequate medical treatment made by a prisoner states a violation of the Eighth Amendment. *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). Indeed, we have held that a disagreement with the type of medical care provided is insufficient to state a constitutional claim; "the essential test is one of medical necessity and not one simply of desirability." *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986); *see also Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Although the Boldens allege that the defendants failed to provide Brown Bolden with her necessary medications, the evidence showed that Brown Bolden was provided with medications on a daily basis during her incarceration. The declarations and exhibits included with Ozolins's motion for summary judgment indicated that: (1) Brown Bolden received the medications prescribed by the jail physician, as well as finger sticks to monitor her blood sugar, on a daily basis; (2) she was evaluated on several occasions by the County Jail's medical staff, as well as by an endocrinologist; and

4

(3) after her fall, she was evaluated and sent to the hospital.  In response to these factual findings and the information contained in the exhibits, the Boldens continued to rely only on conclusory allegations that Brown Bolden fell and was injured as a result of the defendants' failure to provide her medications on a daily basis.

While the district court stated that the Boldens did not demonstrate that Brown Bolden failed to receive any particular medication during her incarceration, Ozolins's summary judgment exhibits demonstrated that Brown Bolden was not given Januvia, Nexium, or Ambien, which she had taken before she was incarcerated, and that her Naproxen prescription was discontinued on April 10, 2009.  However, the Boldens at no point argued that the discontinuance of any one of these medications, specifically, caused Brown Bolden's fall.  Accordingly, because the first step in analyzing an Eighth Amendment claim is to determine "whether the prisoner was actually deprived of adequate medical care," *Salahuddin*, 467 F.3d at 280, that the record demonstrates that Brown Bolden actually received appropriate and reasonable care given her medical conditions—and that she simply disagrees with the medical judgment of the County

5

Jail medical staff regarding the proper course of treatment during her incarceration—confirms that the Boldens' constitutional claim fails as a matter of law, *see Chance*, 143 F.3d at 703; *Dean*, 804 F.2d at 215. Therefore, the district court did not err in granting summary judgment in favor of Ozolins.

Moreover, the district court properly dismissed the complaint as to the remaining defendants, the County and the County Jail. Although the district court did not explain its reasoning for dismissing the Boldens' complaint as to these defendants, the Boldens failed to allege, beyond conclusory statements in their complaint, any unlawful municipal policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Further, because the district court properly found no underlying constitutional violation, its decision not to address the County defendants' liability under *Monell* was correct. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). To the extent that the Boldens, for the first time in their brief on appeal, attempt to present a new claim that the stress of Brown Bolden's alleged illegal detention contributed to her fall, we decline to consider it. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976).

We have considered all of the Boldens' remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

                                          FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk