14-4157-cv
*Iacovangelo v. Correctional Medical Care, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand fifteen.

Present:
> ROBERT A. KATZMANN,
>> *Chief Judge*,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges*.

---

FRANK B. IACOVANGELO, Public Administrator, Monroe County, as Administrator of the Estate of Maria Viera,

>*Plaintiff-Appellant*,

> v.                                                     No. 14-4157-cv

CORRECTIONAL MEDICAL CARE, INC., EMRE UMAR, REGISTERED NURSE TAMARA AUGELLO, REGISTERED NURSE MARYANNE MCQUEENEY, MARIA BIUSO, whose job title cannot presently be determined but who served as the senior policy maker for Correctional Medical Care at the Monroe County Jail,

>*Defendants-Appellees*,

THE COUNTY OF MONROE, PATRICK
O'FLYNN, RON HARLING, DEPUTY DENISE
CESARANO, DEPUTY PETER DECOSTE,
DEPUTY CAROLINE MCCLELLAN, DEPUTY
BOBBIE JO BISHOP,

     *Defendants.*[1]

---

For Plaintiff-Appellant:          ELMER ROBERT KEACH, III, Albany, NY.

For Defendants-Appellees:        PAUL A. SANDERS, Hiscock & Barclay, LLP,
                                       Rochester, NY; Monroe County Law Department,
                                       Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Plaintiff-Appellant appeals from a final judgment entered on January 22, 2015, by the United States District Court for the Western District of New York (Siragusa, *J.*), which dismissed the plaintiff's amended complaint and denied his motion for reconsideration. The factual gravamen of the plaintiff's amended complaint concerned Maria Viera's death on September 2, 2010, from myocarditis, allegedly as a result of heroin withdrawal, in the Monroe County Jail in Rochester, New York. On appeal, the plaintiff argues that the district court failed to follow the appropriate standard of review by consistently construing facts from the amended complaint in favor of the defendants rather than the plaintiff. Specifically, the plaintiff contends

---

[1] The Clerk of the Court is directed to amend the caption to conform with the above.

(1) that the amended complaint properly pleaded a claim for indifference to the medical needs of a pre-trial detainee under 42 U.S.C. § 1983; (2) that the amended complaint properly pleaded a *Monell* claim under 42 U.S.C. § 1983; and (3) that the district court abused its discretion by denying the plaintiff's post-judgment motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

We review de novo a district court's decision dismissing a complaint under Rule 12(b)(6), and must accept as true the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Rothstein v. UBS AG*, 708 F.3d 82, 90 (2d Cir. 2013). We review for abuse of discretion a district court's decision to deny a post-judgment motion for leave to replead. *See Williams v. Citigroup, Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) (per curiam).

First, the plaintiff contends that the amended complaint properly pleaded a claim for indifference to the medical needs of a pre-trial detainee in state custody, in violation of her constitutional rights and actionable under 42 U.S.C. § 1983. A claim for indifference to the medical needs of a pre-trial detainee in state custody is properly analyzed under the Due Process Clause of the Fourteenth Amendment, though such claims "should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009). An inmate must allege (1) an objectively "serious medical condition"; and (2) subjective "deliberate indifference" on the part of the defendant official. *Id*.; *see also Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (holding that to state an Eighth Amendment claim,"an inmate must allege that: (1) objectively, the deprivation the inmate suffered was sufficiently serious" and "(2) subjectively, the defendant official acted with a sufficiently culpable state of mind." (internal quotation marks omitted)). The plaintiff

3

contends that the district court erred in finding that the amended complaint failed to satisfy both objective and subjective prongs.

Although there is no *per se* rule that drug or alcohol withdrawal constitutes an objectively serious medical condition, courts in this Circuit have found many such instances to satisfy the objective prong. *See, e.g.*, *Caiozzo*, 581 F.3d at 69 (finding, with respect to the objective prong, that "there is no dispute that Caiozzo had a serious medical condition" where he suffered from alcohol withdrawal); *Livermore v. City of New York*, No. 08-cv-4442, 2011 WL 182052, at *6 (S.D.N.Y. Jan. 13, 2011) ("[T]he Second Circuit often holds, frequently with little elaboration, that alcohol withdrawal satisfies the first element"). Here, the amended complaint pleaded that it was clear that Viera needed medically supervised drug detoxification because she acknowledged being under the influence of drugs, daily drug usage, and a history of drug abuse, at the time of her admission to Monroe County Jail, and that "a visual assessment" would have shown that "she was under the influence of drugs at the time of her admission." J.A. 46. Further, the amended complaint alleged that "Viera was observed vomiting in her toilet and otherwise being in distress." J.A. 47. Drawing all reasonable inferences in the plaintiff's favor, such allegations sufficiently plead an objectively serious medical condition.

With respect to the subjective prong, the question is whether the defendants "kn[ew] of and disregard[ed] an excessive risk to [Viera's] health or safety" or were both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . also dr[e]w the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005). The plaintiff challenges the district court's determination that the subjective prong was not satisfied with respect to Nurse Augello and

4

Nurse McQueeney. With respect to Augello, the amended complaint alleges that, at booking, Viera was subjected by Augello to a medical screening, during which it was evident that Viera was suffering from withdrawal. Indeed, Viera's screening form noted that "Viera admitted to the daily use of drugs . . . , that she had a history of drug and alcohol abuse, and that she acknowledged being under the influence of drugs at the time of her admission to jail." JA 45–46. Despite this, Augello failed to refer Viera to medically supervised withdrawal. With respect to McQueeney, the amended complaint alleges that "Viera was observed vomiting in her toilet and otherwise being in distress by . . . McQueen[e]y." J.A. 47. But unlike Augello, the Amended Complaint does not plead that McQueeney had any knowledge of Viera's history of drug abuse, acknowledgment of being under the influence of drugs at the time of her admission to jail, or awareness that Viera was suffering from withdrawal. Thus, drawing all inferences in the plaintiff's favor, these allegations are sufficient to plead the subjective prong with respect to Augello, but not McQueeney.

Second, the plaintiff argues on appeal that the amended complaint properly pleaded a *Monell* claim under 42 U.S.C. § 1983. To plead a *Monell* claim, a plaintiff must allege the existence of a formal policy which is officially endorsed by the municipality, or a practice so persistent and widespread that it constitutes a custom or usage of which supervisory authorities must have been aware, or that a municipal custom, policy, or usage can be inferred from evidence of deliberate indifference of supervisory officials to such abuses. *See, e.g.*, *Jones v. Town of East Haven*, 691 F.3d 72, 80–81 (2d Cir. 2012). None of the three methods of pleading a *Monell* claim have been met here. First, no formal policy to provide inadequate medically supervised withdrawal has been pleaded outside of entirely conclusory allegations. Second, "a

5

sufficiently widespread practice among [Correctional Medical Care employees] to support reasonably the conclusion that [insufficient medically supervised withdrawal] was the custom . . . and that supervisory personnel must have been aware of it" has not been shown. *Id*. at 82. Here, although Correctional Medical Care appears to have a troubled track record in many respects, the plaintiff has not pleaded a *custom* of not providing adequate medical supervision for inmates going through drug or alcohol withdrawal. Indeed, other than the plaintiff, the amended complaint provides only one additional example of a similar incident. Third, "a showing of deliberate indifference on the part of supervisory personnel" to inadequate medically supervised withdrawal has not been plausibly pleaded, as nothing in the complaint plausibly alleges knowledge of this matter on the part of any supervisory personnel. *Id.*; *see also id.* at 81 ("[t]o establish deliberate indifference a plaintiff must show that a policymaking official was aware of a constitutional injury").

Finally, the plaintiff contends that the district court abused its discretion by denying the plaintiff's post-judgment motion for reconsideration, filed on October 31, 2014, after the district court entered judgment dismissing the action on October 3, 2014. But because we vacate and remand the district court's underlying judgment, we need not reach the plaintiff's challenge to the district court's post-judgment motion for reconsideration.

We have considered all of the Plaintiff-Appellant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6