Feaster v. City of New York, Police Officer John Doe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand twenty-one.

PRESENT:

PIERRE N. LEVAL,
ROBERT D. SACK,
MICHAEL H. PARK,
*Circuit Judges.*

---

THOMAS FEASTER,

*Plaintiff-Appellant*,

v.                                                          20-1122

CITY OF NEW YORK, POLICE
OFFICER JOHN DOE

*Defendants-Appellees.* *

---

FOR PLAINTIFF-APPELLANT:          F. William Salo, Salo Law, New York, NY.

FOR DEFENDANTS-APPELLEES:        Diana Lawless, New York City Law
                                 Department, New York, NY.

* The Clerk of Court is directed to amend the caption as set forth above.

Appeal from an order of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 2, 2020 order of the district court is **AFFIRMED**.

Thomas Feaster sued the City of New York (the "City") under 42 U.S.C. § 1983 for an alleged beating he suffered by an off-duty New York Police Department ("NYPD") officer.[1] After the City moved for judgment on the pleadings, Feaster moved for leave to amend his complaint. The district court granted the former motion and denied the latter, reasoning that amendment would be futile because the proposed amended complaint would still fail to state a claim. Feaster appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the denial of leave to amend a pleading based on futility *de novo*. *See City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014). A section 1983 claim against a municipality generally requires that "action pursuant to official municipal policy caused the alleged constitutional injury." *Hu v. City of N.Y.*, 927 F.3d 81, 104 (2d Cir. 2019) (internal quotations omitted); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.").

In his proposed amended complaint, Feaster alleges that the City "has an official policy either written or unwritten, or a government custom, or a custom and practice, or a custom and

---

[1] Feaster also sued Police Officer John Doe, later identified as James Bortolotti. But Officer Bortolotti was never served, so this appeal concerns only the claims against the City.

usage, of harassing, intimidating, stopping without articulable suspicion, arresting without probable cause, mistreating with excessive force, beating, sodomizing, and torturing LGBT members of our community." App'x 45–46. But Feaster fails to support this conclusory claim with "factual content that allows the court to draw the reasonable inference that the [City] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 14 (2d Cir. 2015) (summary order) (holding that plaintiff failed to state a *Monell* municipality liability claim where no policy had been pled outside of conclusory allegations); *Bolden v. Cty. of Sullivan*, 523 F. App'x 832, 834 (2d Cir. 2013) (summary order) (same). Feaster cites five isolated historical examples of misconduct by NYPD officers involving members of the LGBT community. *See* App'x 46–47. But "isolated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012). And Feaster's examples spanning over fifty years and with distinguishable facts bear little relevance to this case.

Feaster further alleges that the City's policymakers have created a discriminatory policy, encouraged discrimination against the LGBT community, and tolerated unconstitutional discrimination against the LGBT community. *See* App'x 56. These allegations are conclusory, and Feaster's assertion that Officer Bortolotti's supervising officers "gave [Officer] Bortolotti insinuations, innuendos, suggestions, guidelines, instructions, and/or specific orders to target LGBT persons for *Terry* stops, arrests, detentions, and other forms of unconstitutional harassment, including but not limited to physical and emotional abuse" is, without more specific factual allegations, implausible. *Id*. at 49. Thus, Feaster's unsubstantiated and conclusory allegations about the City's custom or practice of discriminating against members of the LGBT community

3

are insufficient to state a claim for municipal liability against the City. Moreover, his five cited historical examples and implausible allegation that Officer Bortolotti's supervisors instructed him to violate the constitutional rights of members of the LGBT community do not create a plausible inference that such a discriminatory policy exists.

In addition, Feaster asserts failure-to-train and failure-to-supervise claims against the City. These claims also fail because he makes solely conclusory allegations about the City's alleged deliberate indifference and fails to allege facts to support such claims. *See Walker v. City of N.Y.*, 974 F.2d 293, 297 (2d Cir. 1992) (noting municipal liability based on failure to train or supervise requires a showing that the failure to train or supervise amounts to deliberate indifference); *Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim].").

Because Feaster's proposed amended complaint fails to state a claim upon which relief can be granted, amendment would be futile, and the district court properly denied leave to amend. We have considered the remainder of Feaster's arguments and find them to be without merit. For the foregoing reasons, we affirm the order of the district court and decline to remand to the district court to consider whether to exercise supplemental jurisdiction over Feaster's state law claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4